IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| David Govan Richardson,<br><br>                  Plaintiff,<br><br>vs.<br><br>Carolyn W. Colvin, Acting<br>Commissioner of Social Security,[1]<br><br>                  Defendant. | Civil Action No. 6:12-3644-RMG-KFM<br><br>**REPORT OF MAGISTRATE JUDGE** |

This case is before the court for a report and recommendation pursuant to Local Civil Rule 73.02(B)(2)(a) DSC, concerning the disposition of Social Security cases in this District, and Title 28, United States Code, Section 636(b)(1)(B).[2]

The plaintiff brought this action pursuant to Sections 205(g) and 1631(c)(3) of the Social Security Act, as amended (42 U.S.C. 405(g) and 1383(c)(3)), to obtain judicial review of a final decision of the Commissioner of Social Security denying his claims for disability insurance benefits and supplemental security income benefits under Titles II and XVI of the Social Security Act.

**ADMINISTRATIVE PROCEEDINGS**

The plaintiff filed applications for disability insurance benefits ("DIB") and supplemental security income ("SSI") benefits on November 23, 2009, alleging that he became unable to work on March 1, 2006. The alleged onset date was later amended to June 30, 2010. The applications were denied initially and on reconsideration by the Social

---

[1] Carolyn W. Colvin became the Acting Commissioner of the Social Security Administration on February 14, 2013. Pursuant to Fed.R.Civ.P. 25(d), Colvin should be substituted for Michael J. Astrue as the defendant in this case.

[2] A report and recommendation is being filed in this case, in which one or both parties declined to consent to disposition by the magistrate judge.

Security Administration. On January 18, 2011, the plaintiff requested a hearing. The administrative law judge ("ALJ"), before whom the plaintiff and Kristan Cicero, an impartial vocational expert, appeared[3] on September 20, 2011, considered the case *de novo*, and on October 5, 2011, found that the plaintiff was not under a disability as defined in the Social Security Act, as amended. The ALJ's finding became the final decision of the Commissioner of Social Security when it was approved by the Appeals Council on October 26, 2012.

The plaintiff filed this action for judicial review on December 28, 2012. On August 10, 2013, the plaintiff filed a brief in support of his case. On October 23, 2013, the Commissioner moved this court to enter a judgment with an order of reversal and remand of the cause to the Commissioner for further administrative proceedings. Under sentence four of 42 U.S.C. § 405(g), the court has power to "enter, upon the pleadings and transcript of the record, a judgment affirming, modifying or reversing the decision of the Commissioner, with or without remanding the cause for a rehearing." *Shalala v. Schaefer*, 509 U.S. 292, 296-98 (1993).

The Commissioner states in the motion for remand that, after further review of the transcript in this case, the case should be remanded for further consideration of the plaintiff's claim. Accordingly, if the court grants the motion, the agency's Appeals Council will remand the case to an ALJ, and the ALJ will be instructed to:

> • provide the plaintiff with an opportunity to submit additional evidence;
>
> • obtain medical expert testimony regarding the nature and severity of the plaintiff's impairments, if warranted and available;

---

[3]The vocational expert testified by telephone.

- reconsider the plaintiff's residual functional capacity, and in so doing, further evaluate the opinion evidence from the plaintiff's treating sources;

- seek supplemental vocational expert testimony, if warranted, to determine whether there are a significant number of jobs in the national economy the plaintiff can perform;

- give the plaintiff an opportunity for a hearing; and,

- issue a new decision.

(Doc. 23-1 at pp. 1-2).

The Commissioner, through counsel, contacted the plaintiff's counsel, Beatrice Whitten, who stated that the plaintiff does not oppose the motion to remand (doc. 23 at p. 1).

For the foregoing reasons, it is recommended that the district court grant the Commissioner's motion to remand (doc. 23), the Commissioner's decision be reversed, and the case be remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative action as set forth above.

IT IS SO RECOMMENDED.

s/ Kevin F. McDonald
United States Magistrate Judge

October 24, 2013
Greenville, South Carolina